Henry Epstein, J.
This is an action for separation in which the abandonment by defendant is uncontested and the custody provisions for the infant son, Jonathan (born January 19, 1948), have been stipulated. The only issue is the financial status of defendant and what award can be made consistent with his ability to pay. These parties were married when both were students at Columbia University. This was in October, 1935. Plaintiff formerly worked at the university and earned $2,800 a year. She now is studying for her doctor’s degree (Ph.D.) in daytime courses because this will enable her to qualify in four years, whereas evening courses would take about eight years. She has thus discontinued daytime work. Defendant cannot reasonably be expected to bear plaintiff’s cost of a doctorate as a responsibility in this separation action.
Defendant is an associate professor in mathematics at Columbia with total earnings for the year 1958 estimated at about $10,000. His net income after tax deductions, social security, medical and insurance premiums (wife is beneficiary) would be about $7,000. Defendant is also at present undergoing psychiatric treatment. He lives on what the court believes to be a minimum expense basis, and reserves, for the week ends on which his son visits with him, his allowance for pleasures. On such week ends he does the housekeeping and cooking. During the regular period of school, while teaching, he also cooks his own meals about one third of the time. In defense of this action defendant has already paid out in attorneys’ fees a total of $1,950.
*289 This case presents a most unfortunate picture of two highly intelligent persons who have been unable to live together. Understandable is the mother’s wish that their son continue to attend private school, as is also her aim to get her doctorate in as short a time as possible. Yet these are not burdens which can be placed upon defendant unless his means are clearly sufficient to permit. His income as a teacher on the faculty of mathematics at Columbia is not enough to warrant these expenses. Judgment for plaintiff, with custody provisions as. stipulated. Award of $75 per week is made to plaintiff for herself and child.
Submit judgment.